IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-73,646-01




EX PARTE AIMEE ANDREA FISHER-RIZA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. F41507 IN THE 413TH DISTRICT COURT
FROM JOHNSON COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Pursuant to a multi-count indictment,
Applicant was convicted of felony murder and injury to a child and sentenced to twenty-eight years’
and twenty years’ imprisonment, respectively. The First Court of Appeals affirmed her convictions.
Fisher-Riza v. State, No. 01-08-00264-CR (Tex. App.–Houston [1st Dist.], delivered December 3,
2009). 
 
            Applicant contends that her appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that her conviction had been affirmed and failed to advise her of
her right to petition for discretionary review pro se. Specifically, she claims she did not receive
notice until January 22, 2010, more than two weeks after the deadline for filing a petition for
discretionary review had passed. 
            Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain the prison mail logs from the Texas Department of Criminal Justice to determine
whether or not Applicant was timely notified by counsel that her conviction had been affirmed and
of her right to file a pro se petition for discretionary review. In addition, the trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant’s appellate counsel timely
informed Applicant that her conviction had been affirmed and that she had a right to file a pro se
petition for discretionary review. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 31, 2010
Do not publish